## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | EDCV 26-290 PA (MARx) | Date | March 2, 2026 |
|---|---|---|---|
| Title | Reagli Borici v. F. Semaia, et al. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS – COURT ORDER

The Court is in receipt of a letter from Reuben S. Kerpen, counsel for Petitioner Reagli Borici ("Petitioner") (Docket No. 12) addressed to this Court. In his letter, dated February 28, 2026, counsel for Petitioner states: "In response to the Court's January [sic] 26, 2026 Order stating that Petitioner was not in compliance with Local Rule 7-19.1, Petitioner respectfully advises the Court that, on February 26, 2026, undersigned counsel, through his associate Avi Silberberg, contacted counsel for Respondents, Mr. Daniel Beck. Counsel was informed of both the date and substance of Petitioner's application for a Temporary Restraining Order ("TRO"). Respondents' counsel indicated that Respondents intend to oppose the requested TRO and related relief. Accordingly, Petitioner submits that he has satisfied the requirements of Local Rule 7-19.1.Lead counsel in this matter are all based in Florida. The parties have therefore agreed to appear for the hearing on Plaintiff's Motion via zoom. Please advise what additional steps, if any, we must take to ensure that the hearing on Plaintiff's Motion is heard remotely via zoom."

Like the Ex Parte Application for TRO, Petitioner's counsel's letter violates the Local Rules. To obtain relief from the Court, a party must, consistent with the Local Rules, do so only through the filing of a stipulation, noticed motion, or ex parte application. Parties may not seek relief or legal advice by calling, sending emails, or otherwise communicating with the Court. Specifically, Local Rule 83-2.5 provides:

> Attorneys or parties to any action or proceeding shall refrain from writing letters to the judge, sending e-mail messages to the judge, making telephone calls to chambers, or otherwise communicating with a judge in a pending matter unless opposing counsel is present. All matters must be called to a judge's attention by appropriate application or motion filed in compliance with these Local Rules.

The Court will not accept any communications that do not comply with the Local Rules.

---

CV-90 (06/04) | **CIVIL MINUTES - GENERAL** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 26-290 PA (MARx) | Date | March 2, 2026 |
|---|---|---|---|

| Title | Reagli Borici v. F. Semaia, et al. | | |

In addition to his improper efforts to communicate with the Court, Petitioner has failed to satisfy the requirements for reconsideration of the Court's February 26, 2026 Order denying the Ex Parte Application for Temporary Restraining Order. "[A] 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within [the time period permitted by the Rule]. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order." Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) ((citation omitted)). "Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment. 'Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion.'" Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 n. 1 (9th Cir.1999) (en banc) (per curiam)). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Id. (citing McDowell, 197 F.3d at 1255 n.1).

Rule 60(b) allows the Court to relieve a party from a final judgment or order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Whether brought pursuant to Federal Rule of Civil Procedure 59(e) or 60(b), reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). Additionally, under Local Rule 7-18, a motion for reconsideration may only be brought if the moving party demonstrates:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 26-290 PA (MARx) | Date | March 2, 2026 |
|---|---|---|---|
| Title | Reagli Borici v. F. Semaia, et al. | | |

new material facts or a change of law occurring after the time of
such decision, or (c) a manifest showing of a failure to consider
material facts presented to the Court before such decision.

L.R. 7-18.

As explained in the Court's February 26, 2026 Order the reason for denying Petitioner's Ex Parte Application for Temporary Restraining Order was counsel's failure to comply with the Local Rule's notice requirements.  The Court therefore committed no error when it denied Petitioner's Ex Parte Application for a TRO.  Counsel's effort to cure that deficiency by contacting counsel for respondents after the Court denied the Application is not a "new" material fact because compliance with the Local Rule was a matter that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time of such decision.

For all of these reasons, the Court declines to consider Petitioner's counsel's letter or to grant the requested relief.  Future violations of the Federal Rules of Civil Procedure, the Local Rules, or this Court's Orders may result in the imposition of sanctions, which could include vacating Petitioner's counsel's permission to appear in this action pro hac vice.

IT IS SO ORDERED.