UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-290 PA (MARx) | Date | March 12, 2026 |
|---|---|---|---|
| Title | Reagli Borici v. F. Semaia, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

Before the Court is a Second Motion for Temporary Restraining Order ("TRO Motion") filed by Petitioner Reagli Borici ("Petitioner"). (Docket No. 18.) The matter is fully briefed. (Docket No. 21.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

## I.    Factual and Procedural Background

Petitioner, who is represented by counsel, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition") on January 23, 2026. (Docket No. 1.) The Petition names as respondents F. Semaia, Warden of the Adelanto Detention Facility, Jaime Rios, Immigration and Customs Enforcement ("ICE") Field Office Director, Kristi Noem, Secretary of the U.S. Department of Homeland Security ("DHS"); and Pamela Bondi, Attorney General of the United States (collectively "Respondents").

According to the Petition, Petitioner, a 29 year old Albanian national, arrived in the United States on November 7, 2023 on a B-2 nonimmigrant visitor visa that was valid for six months from the date of issuance.[1/] Petitioner was arrested on several domestic violence charges in Wallingford, Connecticut in December 2024, and eventually released on bond. Following an appointment with a local probation officer, Petitioner was arrested by ICE on April 29, 2025. Petitioner alleges that he was not served with a Notice to Appear ("NTA") or an arrest warrant until after he was detained. The Record of a Deportable Alien (Form I-213), dated April 29, 2025, and attached the Petition as Exhibit A, states that the reviewing Immigration Officer ("IO") recommended removal proceedings through service of an I-862 (Notice to Appear), and that based on Petitioner's pending felony charges and possession of multiple identification cards listing different addresses, further recommended that Petitioner remain detained for the

---

[1/]    Based on the date of issuance, Petitioner's visa expired on May 6, 2024.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-290 PA (MARx) | Date | March 12, 2026 |
|---|---|---|---|
| Title | Reagli Borici v. F. Semaia, et al. | | |

pendency of the removal proceeding. (Exh. A at p. 5.) The Petition alleges that DHS lacked the statutory authority to arrest Petitioner because was not served with the NTA and arrest warrant until after he was taken into custody by ICE.

The Petition further alleges that Petitioner, after requesting a custody redetermination, had a bond hearing before an Immigration Judge ("IJ") on December 31, 2025. (Pet., Exh. B.) The IJ found that DHS had met its burden by clear and convincing evidence of showing that Petitioner's release would pose a danger to the community and alternatively, that his release would pose a risk of flight that no amount of bond or alternatives to detention would be sufficient to mitigate. The IJ cited the police report of the domestic violence incident that led to Petitioner's December 2024 arrest, Petitioner's subsequent arrest, his employment without authorization, failure to pay taxes, his lack of eligibility for any relief from a deportation order, multiple identification cards, and the lack of accurate information regarding Petitioner's sponsor. (Id.) Petitioner has been detained since April 29, 2025, and alleges that he is suffering from mental health issues as a result of his prolonged detention.

The Petitioner alleges three claims for relief: (1) that the allegedly warrantless arrest violated the Immigration and Nationality Act ("INA") §236(a); 8 U.S.C. § 1226(a); (2) that his detention violates his procedural due process rights because there was no individualized determination of his danger to the community or risk of flight before his arrest; and (3) that his continued detention violates his procedural and substantive due process rights. Petitioner's TRO Motion seeks an order requiring Petitioner's immediate release from detention and enjoining Respondents from removing Petitioner from the United States pending final resolution of his Petition.

**II.    Legal Standard**

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. at 24. The Ninth Circuit employs a "sliding scale" approach to preliminary injunctions as part of this four-element test. All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under this "sliding scale," a preliminary injunction may issue "when a plaintiff demonstrates . . . that serious questions going to the merits were raised

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-290 PA (MARx) | Date | March 12, 2026 |
|---|---|---|---|
| Title | Reagli Borici v. F. Semaia, et al. | | |

and the balance of hardships tips sharply in the plaintiff's favor," as long as the other two Winter factors have also been met. Id. (quoting Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008)). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)).

**III.    Analysis**

In  opposition, Respondents argue that Petitioner is lawfully detained under 8 U.S.C. § 1226(a). Under section 1226(a), "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Once detained, the government has "broad discretion," Nielsen v. Preap, 586 U.S. 392, 409 (2019), to either "continue to detain the arrested alien" or "release the alien on (A) bond of at least $1,500 . . . or (B) conditional parole." 8 U.S.C. § 1226(a)(1)–(2). The arresting officer makes the initial determination whether to release or detain under § 1226(a) . See 8 C.F.R. § 236.1(c)(8).

Following this initial custody determination, a noncitizen may request a bond hearing before an IJ. See 8 C.F.R. §§ 236.1(d)(1), 1003.19. The noncitizen bears the burden of showing, by a preponderance of the evidence, that he does not pose a danger to the community and that he is not a flight risk. See 8 C.F.R. § 1236.1(c)(8); see also Matter of Guerra, 24 I&N Dec. 37, 40 (BIA 2006); Matter of Barreiros, 10 I&N Dec. 536, 537 (BIA 1964). In assessing whether to release a noncitizen on bond, the IJ should consider, among other factors, "the individual's ties to the United States as well as his employment history, criminal record, history of immigration violations, and manner of entry into this country." See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197 (9th Cir. 2022) (citing Guerra, 24 I&N Dec. at 40); see also Matter of E-Y-F-G, 29 I&N Dec. 103, 104 (2025). A noncitizen may appeal a bond denial to the Board of Immigration Appeals ("BIA") or request an additional bond hearing based on a material change in circumstances. See 8 C.F.R. §§ 236.1(d)(3), 1003.19(e).

The question before the Court is whether Petitioner has met his burden of showing a likelihood of success on the merits that his arrest and detention was in violation of section 1226(a) or that his arrest and continued detention violates his procedural or substantive due process rights. The Court concludes that Petitioner has not met his burden. First, Petitioner fails to show that ICE did not already have the warrant for his arrest before he was taken into custody. Although he cites the Form I-213 stating that Petitioner was served with the NTA and warrant on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-290 PA (MARx) | Date | March 12, 2026 |
|---|---|---|---|
| Title | Reagli Borici v. F. Semaia, et al. | | |

the day he was arrested, that does not meet his burden of showing when ICE actually prepared and issued those documents.

Second, Petitioner has not shown that he is likely to succeed on a claim that he did not receive an individualized custody determination before his arrest or that his December 31, 2025 individualized bond hearing was procedurally deficient. The Form I-213 sets forth the basis for the IO's recommendation that Petitioner be detained, and it also states that Petitioner was served with a "Notice of Custody Determination." Regarding his Bond Hearing before an IJ, Petitioner fails to allege that he exhausted his administrative remedies by appealing that decision to the BIA, or an excuse for failing to do so. Moreover, even if Petitioner had alleged exhaustion, he fails to allege any basis for the conclusion that IJ abused his discretion in the decision to detain him. See Maksim Zaitsev v. Warden, Adelanto ICE Processing Ctr., et al., No. 2:26-CV-00454-SPG-AS, 2026 WL 391429, at *9 (C.D. Cal. Feb. 9, 2026) (holding that even if Petitioner was excused from exhausting his challenge to the IJ's determination, Petitioner has not shown that he is likely to succeed on merits of showing that the IJ abused his discretion by failing to consider the evidence or applying an incorrect standard.)

Petitioner also fails to show a deprivation of due process under the balancing test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976). Under Mathews, courts consider three factors to determine "the specific dictates of due process": (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335. Like the bond hearing at issue in Zaitsev, the IJ in this case required that the government show that Petitioner was a flight risk or danger to the community by clear and convincing evidence, and thus held the government to a higher standard than that set out in the INA regulations or required by the Constitution. Zaitsev, 2025 WL 391429, at * 11. Thus, although Petitioner has a strong liberty interest under Matthews, because "Petitioner recently received an individualized bond hearing at which the IJ determined the Government had carried its burden of proof, Respondents are likely to show that "the existing agency procedures sufficiently protected [Petitioner's] liberty interest and mitigated the risk of erroneous deprivation" Zaitsev, 2025 WL 391429, at * 13 (citing Rodriguez, 53 F.4th at 1208)).

Finally, Petitioner has failed to show that he is likely to succeed on the merits of his substantive due process claim. As a matter of substantive due process, a "violation occurs when detention becomes punitive rather than regulatory, meaning that there is no regulatory purpose that can be rationally be assigned to the detention or the detention appears excessive in relation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-290 PA (MARx) | Date | March 12, 2026 |
|---|---|---|---|
| Title | Reagli Borici v. F. Semaia, et al. | | |

to its regulatory purpose." United States v. Torres, 995 F.3d 695, 708 (9th Cir. 2021). Although the Court empathizes with Petitioner's mental health struggles, given the government's interest in detention pending removal, and the absence of any procedural deficiency with Petitioner's arrest or bond hearing, Petitioner has failed to show at this stage of the proceedings that the purpose of his continued detention is punitive rather than regulatory.

For these reasons, the Court concludes that Petitioner has failed to establish a likelihood of success on the merits to justify the injunctive relief he seeks. The Court concludes for the same reasons that Petitioner has not met his burden to establish that the balance of equities tip in his favor or that an injunction is in the public interest. Therefore, despite Petitioner's showing of irreparable harm based on continued detention, the Court concludes that Petitioner is not entitled to injunctive relief at this time.

## **Conclusion**

For all of the foregoing reasons, the Court denies Petitioner's TRO Application.

IT IS SO ORDERED.