**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REAGLI BORICI, ET AL,<br>Petitioner,<br>v.<br>F. SEMAIA, ET AL.,<br>Respondents. | Case No. 5:26-cv-00290-MAR<br>**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS** |

## I.

## INTRODUCTION AND PROCEDURAL HISTORY

On February 6, 2026, Petitioner Reagli Borici ("Petitioner"), an immigration detainee represented by counsel, filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention at the Adelanto Detention Facility by Immigration and Customs Enforcement ("ICE"). Dkt. 1. Petitioner has been in immigration detention since April 29, 2025, after being arrested outside a coffee shop while appearing at a probation check. Id. at 3. Petitioner seeks release from custody. Id. at 16.

On March 9, 2026, Petitioner filed an Ex Parte Application for Temporary Restraining Order. Dkt. 18. On March 12, 2026, the district judge denied Petitioner's Application, finding that Petitioner failed to establish a likelihood of success on the

merits of his claims under the Immigration and Nationality Act or the Fifth Amendment. Id.

On January 28, 2026, this Court directed Respondents to file a response to the Petition. Dkt. 6. On March 2, 2026, Respondents filed a Response to the Petition (the "Response") in which they state that "Petitioner appears to be a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz, No. 5:25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025)." Dkt. 15 at 1–2. Respondents acknowledge that on December 18, 2025, the Maldonado Bautista court entered final judgment as to the Bond Eligible Class. Id. at 2. Respondents further acknowledge that on February 18, 2026, the Maldonado Bautista court issued an order enforcing the judgment. Id. "Accordingly, Respondents acknowledge that Petitioner's claim in this action appears to be subject to the Bautista judgment, the order enforcing same, and to any applicable appellate proceeding relating to it." Id. Therefore, Respondents contend that "[t]o the extent a bond hearing is ordered here, it should be consistent with what [c]ourts in this District have generally ordered in similar cases, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days." Id.

On March 11, 2026, Petitioner filed a Reply in Support of Habeas Petition. Dkt. 20. In the Reply, Petitioner argues that he is not a member of the Bautista class, that his prolonged detention has caused severe and irreparable harm, and that release is the appropriate remedy. Id.

The Court issued a Report and Recommendation ("R&R") that the Petition be denied. Dkt. 24. The district judge accepted the R&R and dismissed the action. Dkt. 25. However, due to a clerical error, Petitioner requested that the action be re-opened to allow him time to file objections to the R&R. The action was re-opened and Petitioner filed objections on April 29, 2026. Dkt. 28.

On July 9, 2026, Petitioner, proceeding pro se, filed an Amended Petition. Dkt. 29 ("Amend. Pet."). The parties consented to proceed before the undersigned. Dkt.

37. Respondents filed an Answer to the Amended Petition. Dkt. 39 ("Answer"). Petitioner filed a reply on August 11, 2026. Dkt. 40 ("Reply").

Accordingly, the Amended Petition is fully briefed. For the reasons set forth below, the Amended Petition is **DENIED**.

## II.

## SUMMARY OF PETITIONER'S CLAIM

Petitioner is a native and citizen of Albania who entered the United States on November 7, 2023 and was admitted as a B-2 nonimmigrant visitor. Dkt. 1 at 1. Petitioner was arrested by the Wallingford, Connecticut Police Department on December 12, 2024 and charged with disorderly conduct, threatening physical threat and harassment, risk of injury to child, and unlawful restraint. Id. at 2; Dkt. 1-1 at 3. Petitioner was released on bail. Id. at 3. On April 29, 2025, Petitioner appeared for a probation check at the Connecticut courthouse and was detained by ICE. Dkt. 1 at 2. Upon arriving at the ICE facility in Hartford, Petitioner was served with an I-862 Notice to Appear ("NTA"), an I-200 Warrant of Arrest, and an I-286, Notice of Custody Determination. Id. at 4. Petitioner filed an application for asylum in August 2025. Id. On December 31, 2025, Petitioner had a custody re-determination hearing, in which the Immigration Judge ("IJ") denied Petitioner bond. Id.; Dkt. 1-2 (Order of the Immigration Judge).

The amended Petition argues that Petitioner's detention is unlawful because he was arrested without a warrant or a finding that he was likely to escape before a warrant could be obtained, in violation of the Fourth Amendment and 8 U.S.C. § 1357. Petitioner also argues that he was treated as if subject to mandatory detention and therefore did not receive the required individualized determination of flight or dangerousness until he was already detained for six months. Petitioner also argues he is entitled to relief because his removal is not significantly likely in the reasonably foreseeable future. Petitioner argues that his detention without a pre-deprivation hearing violates his rights under the Fifth Amendment. Petitioner also argues that his

detention violates the Administrative Procedure Act.

Respondents argue that Petitioner's confinement is "proper" because he was arrested pending his removal proceedings, that Petitioner has not exhausted administrative remedies, that any challenge to the legality of Petitioner's arrest is mooted by the bond hearing he was provided, and that Petitioner's confinement does not violated due process.

**III.**

**DISCUSSION**

Under section 1226(a), "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Once detained, the government has "broad discretion," Nielsen v. Preap, 586 U.S. 392, 409 (2019), to either "continue to detain the arrested alien" or "release the alien on (A) bond of at least $1,500 . . . or (B) conditional parole." 8 U.S.C. § 1226(a)(1)–(2). The arresting officer makes the initial determination whether to release or detain under § 1226(a). See 8 C.F.R. § 236.1(c)(8). Following this initial custody determination, a noncitizen may request a bond hearing before an IJ. See 8 C.F.R. §§ 236.1(d)(1), 1003.19. In assessing whether to release a noncitizen on bond, the IJ should consider, among other factors, "the individual's ties to the United States as well as his employment history, criminal record, history of immigration violations, and manner of entry into this country." See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197 (9th Cir. 2022) (citing Guerra, 24 I&N Dec. at 40); see also Matter of E-Y-F-G, 29 I&N Dec. 103, 104 (2025). A noncitizen may appeal a bond denial to the Board of Immigration Appeals ("BIA") or request an additional bond hearing based on a material change in circumstances. See 8 C.F.R. §§ 236.1(d)(3), 1003.19(e).

Petitioner argues that his detention is unlawful because he was served with an NTA and I-200 after he was arrested and brought into custody. Amend. Pet. at 9. He argues that "a warrant for his arrest was never shown to him or existed at the time of

Petitioner's arrest." Id. Petitioner therefore argues he was subject to a warrantless arrest. In the court's previous order, the court found:

> Petitioner fails to show that ICE did not already have the warrant for his arrest before he was taken into custody. Although he cites the Form I-213 stating that Petitioner was served with the NTA and warrant on the day he was arrested, that does not meet his burden of showing when ICE actually prepared and issued those documents.

Dkt. 22 at 3–4. Petitioner attached the NTA and the I-200 warrant to his Petition. Both documents are dated April 29, 2025. See Dkt. 29 at 24–28. Therefore, the Amended Petition fails to present evidence that Petitioner was subject to a warrantless arrest. As the district judge noted, that Petitioner was served the NTA and I-200 only after he was placed in custody does not establish that the NTA and I-200 were issued at that time.

Additionally, Petitioner argues that he was treated as subject to mandatory detention and not provided an individualized custody determination from an immigration judge until six months after his arrest. The record reflects that the arresting officer made a determination that Petitioner should be detained pending the removal proceedings due to his pending, felony domestic violence arrest and his possession of multiple IDs. Dkt. 1-1 at 6. A "Notice of Custody Determination" was served on Petitioner. Id. at 4. The regulations require a custody determination by an immigration judge upon application by the Petitioner. 8 C.F.R. § 236.1(d)(1). There is no indication that Petitioner requested further custody determination. Therefore, Petitioner has not shown that Respondents violated their regulations in this regard.

Petitioner alleges that his detention violates Zadvydas v. Davis, 533 U.S. 678 (2001). However, Petitioner is not subject to a final order of removal. Therefore, his detention is pursuant to Section 1226, not Section 1231(a), and Zadvydas' limitation on the length of detention has not yet been triggered. See Ovchinnikov v. Clark, 543 F. Supp. 2d 1265, 1270 (W.D. Wash. 2008) ("Zadvydas distinguished the statutory provision it was there considering from § 1226 on the[]… grounds…that 'post-

removal-period detention, unlike detention pending a determination of removability…has no obvious termination point.'") (quoting Demore v. Kim, 538 U.S. 510, 529 (2003)).

Finally, Petitioner alleges that his arrest violated his Fifth Amendment rights to due process. Under Mathews v. Eldridge, 424 U.S. 319, 335 (1976), courts consider three factors to determine "the specific dictates of due process": (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Here, the risk of erroneous deprivation and the probable value of additional procedural safeguards is low because Petitioner received a custody determination at the time of his arrest and he received an additional bond hearing in December 2025 during which the IJ found that Respondents had met their burden by clear and convincing evidence of showing that Petitioner's release would pose a danger to the community or a risk of flight. See Dkt. 1-2 at 2.[1] Therefore, Petitioner has not established a procedural due process violation.

**IV.**

**ORDER**

IT IS ORDERED that the Petition is DENIED, and the action is DISMISSED.

DATED: November 24, 2026

HON. MARGO A. ROCCONI
UNITED STATES MAGISTRATE JUDGE

1 Although Petitioner does not challenge the Immigration Judge's ("IJ") order denying bond, the Court notes that the IJ found Petitioner's "criminal conduct" to evidence dangerousness. See Dkt. 1-2. The record before the IJ included "probative and specific" evidence, including a police report which detailed the alleged circumstances of Petitioner's arrest. See Ortega-Rangel v. Sessions, 313 F. Supp. 3d 993, 1005 (N.D. Cal. 2018).